# WILLIAMS, CALIRI, MILLER & OTLEY, P.C.
LAWYERS
FOUNDED IN 1936

WALTER E. WILLIAMS (1904-1985)
DAVID J. CALIRI (1929-2004)

PETER B. EDDY
CHRISTOPHER A. ERD*
DAVID GOLUB
ANGELA J. MENDELSOHN
RICHARD S. MILLER
WILLIAM S. ROBERTSON, III*
BETSY ANN ROSENBLOOM
STEVEN A. WEISBERGER

1428 ROUTE 23
WAYNE, NEW JERSEY 07470
TELEPHONE (973) 694-0800
FAX (973) 694-0302

www.wcmolaw.com
bhumphreys@wcmolaw.com

COUNSEL

VICTOR C. OTLEY, JR.
MURRAY L. COLE
RALPH V. MARTIN
JOHN F. GEANEY, JR.
HENRY RAMER □
LINDA H. SAMSON
BURRELL IVES HUMPHREYS

†Admitted also in FL
*Admitted also in NY
□Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

May 4, 2009

**Via ECF and Email**

Honorable William J. Martini, U.S.D.J.
United States District court
50 Walnut Street, Room 4076
Newark, NJ   07102

Re:   My Way Productions 2, Ltd. v Z & M Media, LLC, et als
      File No.  2:09-cv-01643-WJM-MF

Dear Judge Martini:

Please accept this letter brief in lieu of a more formal brief on behalf of Defendants Raymond Scott and David Mays in opposition to Plaintiff's application for a preliminary injunction.

## STATEMENT OF FACTS

Plaintiff has a membership interest in two small companies, Z&M Media, LLC (Z&M) and Hip Hop Global Media, LLC (HHG). Plaintiff holds a 30% interest in the companies.

David Mays and Raymond Scott (Defendants) are the Managers of the companies. They are also members of the companies and together they hold a majority interest of 60 and ½ percent in the companies. The remaining interests are held by three other people. Plaintiff has not joined these people as parties, and, as far as Defendants know, Plaintiff has not given them notice of this action.

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 2 of 9

Plaintiff alleges in its complaint that Defendants: 1) failed to comply with agreements governing the management of the companies, 2) fraudulently received unauthorized distributions from the companies and used their assets to satisfy Defendants' personal expenses and 3) "abused" and "mismanaged" the companies.

Plaintiff obtained an Order to Show Cause with Temporary Restraints (TRO) without adequate notice to Defendants. The Complaint on which the Order was based contains many allegations on information and belief. The Complaint was improperly verified. See Point I.

The Order was obtained without Plaintiff filing the bond required by the Federal Rules of Civil Procedure. See Point I (a).

Based on these patently deficient papers and procedures, Plaintiff seeks, at the onset of this case and without Defendants having adequate time to respond, the extraordinary relief of a court order which would oust Mays and Scott as members and managers of the company. The order would further grant to Plaintiff the "exclusive right, until the dispute is resolved, to assume complete control for the operation of Z&M and HHG…"

In opposition to Plaintiff's application, Mays has filed a Certification which is hereby incorporated by reference.

As set forth in the Certification, Plaintiff's allegations of breach of contract, fraud, mismanagement and abuse are denied. The companies are being managed properly. See paragraphs 7 to 12 of Mays' Certification. The ousting of Mays and Scott as managers would be a disaster for the companies as would the imposition of onerous restrictions upon the ability of Mays and Scott to manage the companies. See Paragraph 15 and 19 of the Mays Certification.

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 3 of 9

An even greater disaster would result from granting Plaintiff's application to assume "complete control" of these companies. Michael Misick and his wife were and may still be the owners of Plaintiff, each having a 50% interest. Paragraph 13 of the Mays Certification.

Misick recently resigned as Premier of Turks and Caicos when confronted with an investigation by the British government into corruption. Paragraph 15 of the Mays Certification. He has also been charged with rape. Paragraph 15 of the Mays Certification. Misick appears to be staying in the Dominican Republic in order to avoid prosecution. See Paragraph 16 of the Mays Certification. Allowing these companies to fall into the hands of a corporation controlled by Misick would cause irreparable harm to the companies and their members. See Point II.

Furthermore, Defendants submit that discovery will show that Plaintiff and Misick breached the provisions of the companies' Operating Agreements which place restrictions upon the transfer of membership interests to third parties. See Article XI and Section 4.3 of the Operating Agreement, a copy of which is attached to the complaint.

## POINT I

### The Application For A Temporary Restraining Order And Preliminary Injunction, And The Order Entered Thereon Are Procedurally Invalid.

(a)

Rule 65(c) of the Federal Rules of Civil Procedure provides:

> "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 4 of 9

> damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained...."

The Rule plainly requires an applicant for a restraining order or preliminary injunction to furnish the Court with a bond or other security. The requirement is mandatory. See <u>Instant Air Freight co. v. C.F.Air Freight, Inc., 882 F. 797 (3rd. Cir. 1989)</u> in which the Court held that the District Court committed reversible error when it failed to require the posting of a bond by a successful applicant for a preliminary injunction.

Because no bond or other security was posted, the TRO in this case should not have been entered and no preliminary injunction should be granted.

Plaintiff should have brought the bond requirement to the Court's attention when Plaintiff applied for the Order to Show Cause and the TRO. No mention of a bond was made by Plaintiff or its attorneys prior to this firm calling the deficiency to the attention of the Court in a letter sent to the Court a few days ago.

Plaintiff's improper conduct, when coupled with the extremely short time limits in the Order to Show Cause and the unwillingness of Plaintiff to consent to any meaningful extensions of time for the filing of opposing papers, demonstrates that Plaintiff intends to stampede these proceedings in the hope that it may obtain "complete control" of these companies by default.

Until a bond is furnished by Plaintiff, we submit that no further action should be taken by the Court on Plaintiff's application for either a preliminary injunction or an increase in the restrictions in the existing TRO.

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 5 of 9

Additionally, we request that Defendants should be given adequate time to submit additional certifications responding more fully to Plaintiff's allegations in the lengthy complaint, and additional time in which to file an answer.

The amount of the bond should be 20 million dollars. This is the potential loss that would be "incurred or suffered" (Rule 65(c) FRCP) by the companies and its members if Plaintiff is able to obtain further preliminary restraints and the restraints cause the destruction of the companies. See paragraph 18 of the Mays Certification.

(b)

Plaintiff's application for a preliminary injunction and temporary restraining order is procedurally invalid.

An application for a TRO or preliminary injunction must be supported by competent proof. See Rule 65(b) FRCP. The complaint has many allegations based on information and belief. Such allegations are inadmissible hearsay and will not support the issuance of a TRO or a preliminary injunction. See Rule 65(b) FRCP and Lippmann v. Hydro-Space Technology, Inc., 77 N.J. Super. 497, 503- 505 (App.Div.1962).

A glaring deficiency is the absence of a proper verification of the complaint. The purported "verification" is signed by Michael E. Misick. He states in his "verification" that he is a member of the corporate plaintiff and "the facts stated in the allegations herein are true to the best of his personal knowledge, information and belief."

In Lippmann, supra, Plaintiff stated in his affidavit that the contents of the complaint are "to the best of the knowledge and belief of your deponent, true."

Case 2:09-cv-01643-WJM-MF   Document 17   Filed 05/04/09   Page 6 of 9 PageID: 374

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 6 of 9

The Court said: "This is not an affidavit made on personal knowledge. The order to show cause should not have issued on so defective a verification." Id at 504.

Later plaintiff filed a new affidavit in which he stated "The facts contained herein are true." The Court said this affidavit was also defective in that plaintiff did not state the facts were true to his personal knowledge. The affidavits, the Court said, were so deficient that the "action could have been brought to an early halt for that reason alone." Ibid.

Here, as in Lippmann, the affidavit is so deficient that an early halt should be brought to the case.

The deficiencies in the affidavit vitiate its evidential value. The Court cannot tell from Misick's "verification" what facts in the complaint Misick knows of his personal knowledge and what facts are based on inadmissible information and belief.

Also, the Court cannot glean from Misick's "verification" what is the "best" of Misick's personal knowledge. Perhaps his "best" consists of nothing more than the most meager personal knowledge about the facts in the complaint.

Also disabling is the absence of any jurat in the "verification." Without a jurat, the Court cannot tell whether Misick's oath was made to a properly authorized officer or simply to himself while alone in his home or office.

Misick's "verification" is worthless and this renders the complaint worthless as a vehicle for preliminary injunctive relief. Misick should appear at the hearing on the preliminary injunction and testify in support of Plaintiff's application.

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 7 of 9

## POINT II

### Plaintiff has not met any of the criteria for the issuance of preliminary injunctive relief.

The fundamental principles governing the grant of preliminary injunctive relief were set forth by the Supreme Court of New Jersey in the leading case of Crowe v. De Gioia, 90 N.J.126 (1982). See also Instant Air Freight co., v. C.F.Air Freight, Inc., 882 F.2d 797 (3rd. cir.1989) (citing Crowe v. De Gioia).

The Court in De Gioia, set forth these principles as follows. A preliminary injunction should not issue except when necessary to prevent irreparable harm. Temporary relief should be withheld when the legal right underlying Plaintiff's claim is unsettled. A preliminary injunction should not issue where all the material facts are controverted. A Plaintiff must make a preliminary showing of ultimate success on the merits. This requirement is tempered by the principle that mere doubt as to the validity of the claim is not an adequate basis for refusing to maintain the status quo. The final test in considering the granting of a preliminary injunction is the relative hardship to the parties in granting or denying relief. Any relief granted should be no broader than necessary to preserve the status quo pending a plenary hearing on the merits. Id at 132 - 136.

Plaintiff's proofs do not even approach these requirements. Plaintiff has not shown any irreparable harm. Its allegations in the Complaint are based largely on "suspicion" and "information and belief." Such allegations amount to no more than inadmissible hearsay and

may not be used to support the grant of a preliminary injunction. See New Jersey Court Rule, 1:6-6 and Lippmann, supra.

Furthermore, Plaintiff's material allegations are controverted. See Mays' Certification, paragraphs 9 through 12. See especially paragraph 9 in which Mays states he has personally paid into the companies since their inception more than $200,000.00.

Plaintiff's legal rights are plainly unsettled. See paragraph 9 of Mays' Certification as to the latitude afforded managers of companies by the business judgment rule. Green Party of N.J. v. Hartz Mountain, 164 N.J.127 (2000) (When business judgments are made in good faith based on reasonable business knowledge, the decision makers are immune from liability from law suits brought by those who have an interest in the company.)

Plaintiff has not made a preliminary showing of ultimate success on the merits. See paragraphs 6 to 12 of Mays' Certification.

Finally, Plaintiff will not suffer any hardship by the denial of preliminary injunctive relief. Defendants' continuing offer to permit a reputable accounting firm selected by Plaintiff to examine the books and records and financial data and to observe Defendants' management of the companies completely dissipates any possibility of hardship to the Plaintiff.

However, a preliminary injunction could cause severe hardship to the companies and all their members. A preliminary injunction ousting Defendants, or placing onerous burdens on their management of the companies would result in irreparable harm to the companies and their members. See paragraph 13 to 19 of Mays' Certification.

Honorable William J. Martini
Re: My Way Productions 2, Ltd. v Z & M Media, LLC, et als
May 4, 2009
Page 9 of 9

Finally, the issuance of an injunction is governed by equitable principles. Crowe v. De Gioia, supra at 135. The equitable doctrine of clean hands is clearly applicable here.

Defendants submit that this lawsuit has been brought in bad faith for an illicit purpose. Plaintiff and its principal Michael Misick have not tendered any reason why they have not accepted Defendants' continuing offer to permit Plaintiff's accountant to examine the companies' books and records and review their operations. They have preferred instead to attempt through burdensome litigation to seize control of these companies for the personal financial benefit of Misick. See paragraph 14 of the Mays' Certification.

The equities certainly do not favor turning over control of these companies to Misick. He is a political figure who invested money in the companies. He has not shown that he has any experience in the magazine publishing business. He resigned his office as Premier when faced with an investigation by the British government into corruption. To let him assume control of these companies would be an unmitigated disaster for the companies and their members. See paragraph 13 to 17 of Mays' Certification. It would also be an appalling miscarriage of justice.

Under controlling principles of law and equity, preliminary injunctive relief cannot and should not be granted in this case.

Respectfully submitted,

*/s/ Burrell Ives Humphreys*
Burrell Ives Humphreys

BIH:lpg
File #20039-1
cc:   Patrick Lucignani, Esq., via email: plucignani@ebglaw.com and fax **973-642-0099**
      C. Anthony Mulrain, Esq., via email: amulrain@ebglaw.com and fax **404-923-9949**
      David J. Finkler, Esq., via email: lawdjf@superlink.net and fax **201-689-1311**